United States District Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES LEACHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04679 |
| | § | |
| TOSIN DAN-ALIU, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION TO DISMISS**

## I. INTRODUCTION

Before the Court is the defendants' Tosin Dan-Aliu, Quanita Evans, Monica Ruiz De Velasco, Marsha Moberley, collective, motion to dismiss *pro se* plaintiff's, Matthew Leachman, lawsuit against them and the plaintiff's response. *See* [DEs 10 and 14, respectively]. The Court has reviewed the plaintiff's pleading and response to the defendants' motion, considered the nature of the case and any exhibits or documents on file, and determines that the defendants' motion should be granted.

## II. UNDERLYING FACTS CONCERNING LAWSUIT

On or about May 21, 2026, the plaintiff initiated this lawsuit for federal Civil rights violations in a State District Court of Harris County, Texas. At the time, the plaintiff was a parolee under the supervision of the Texas Department of Criminal Justice, assigned to one or more Parole Officers in Houston, Texas. Much earlier, the plaintiff had been charged and convicted of committing the offenses of "Indecency with a Child by Contact" and "Aggravated Sexual Assault of a Child."

As a condition of parole, the plaintiff was required to comply with specific rules, particularly those addressed to mandatory sex offender treatment and supervision, access to obscene materials on the internet, communications or contact with minors, owning or operating camera equipment and visiting social media. In addition, the plaintiff was required to attend counseling sessions.[1]

After the plaintiff began counseling session, he was suspected of violating terms and conditions of his parole and his Parole Officer(s) was alerted. It is noted that the plaintiff has filed a civil suit against the State seeking to recover certain property that was seized during his arrest for child sex crimes and/or concerning his arrest on parole violations charges.

On or about May 15, 2024, when the plaintiff reported to his Parole Officer(s), he was confronted concerning his conduct, and a search warrant was obtained that revealed that the plaintiff had downloaded child pornography. The plaintiff was arrested on May 22, 2024, and a hearing was conducted by the Parole Board that upheld the Parole Officer's determination.

The plaintiff was held in an Intermediate Sanctions Facility ("ISF") from May 22 to September 20 and was apparently released back to parole status after the ISF confinement. He now brings this federal Civil Rights suit against persons who, in his judgment, participated in the investigation, reporting and the confinement aspects of the parole proceeding.

## III. CONTENTIONS OF THE PARTIES

### *A. The Plaintiff's Allegations*

This case was removed to this Court because the plaintiff asserts violations of federal law. The plaintiff asserts violations of Title 42 U.S.C. § 1983, the First, Fourth, Sixth and the Fourteenth

[1] This description of terms and conditions of release are not intended to state the entirety of the scope of the plaintiff's supervision.

Amendments to the federal Constitution. He asserts that his Parole Officers conspired together and with his counselors to deny him "due process" prior to and during their investigation and his parole violation hearing by engaging in unconstitutional activities against him. More specifically he asserts that his Parole Officers stopped his counseling sessions so that they could allege a failure to participate, conducted or cause others to conduct a search of his phone for possession of sexually explicit materials involving children, caused or effected his arrest and detention on false charges, interfered with his "protected litigation" activities [presumably the lawsuit he filed to obtain seized personal property and electronic equipment and other enumerated acts that the plaintiff argues violated his First Amendment rights.

*B. The Defendants' Contentions*

The defendants assert that the plaintiff cannot assert a cause of action against them in their individual capacities because they, with two exceptions, are state employees who work with the Texas Department of Corrections and at all times functioned in that capacity. Therefore, they have no individual liability and are, moreover, immune from prosecution under the Civil Rights Act in their capacities. As well, the defendants assert that the plaintiff lacks standing to bring or maintain his suit under Declaratory Judgment standards. In addition, the defendants assert Sovereign Immunity under the Eleventh Amendment and *Heck v Humphrey*, 312 US. 470 (1994) to any claim(s) for damages. In summary, the defendants assert that the plaintiff cannot assert a cause of action at all.

## IV. ANALYSIS AND DISCUSSION

The Court is of the opinion and holds that the plaintiff cannot assert a cause of action under 42 U.S.C. § 1983 and the federal Constitution, for actions taken by state Parole Officers, state official, such as a judge, and persons employed by the State of Texas or Harris County, who are

authorized to supervise the plaintiff as a Parolee. *See Heck*, 512 U.S. at 486. *Heck* teaches that in order for a plaintiff to maintain a civil rights suit against state and local officials for damages, when the suit arises as a result of the defendants exercising their official duties, the plaintiff must establish that the violation about which he complains, has been reversed. In this case, the violations that the Parole Officers alleged that the plaintiff engaged in were affirmed and were not appealed through the state courts.

The defendants also raise the issue of standing, not only to bring this lawsuit but also to obtain injunctive relief. The plaintiff has not suffered an injury as a result of the Parole Officers/Board's decision because he relinquished the rights to claim such as part of his parole status. Hence, he cannot seek relief in federal courts based on rights he relinquished when he accepted the terms of parole.

As well, the plaintiff cannot establish that he will suffer an injury in the future. *See Bauer v. Texas*, 341 F.3dd 352, 358 (5th Cir. 2003). The evidence and pleadings show that the plaintiff has not identified any harm or injury that he has not waived as a parolee. And, he has no right to challenge the terms of his confinement of parole in federal court.

Federal Rules of Procedure, Rule 12(b)(6) in particular, applies to all of the plaintiff's claims as well as all parties sued. This suit is in the nature of a habeas corpus suit where the plaintiff, a convicted felon or parole, seeks to assert claims of misconduct on the part of state officials that they are duty bound to exercise by resorting to the federal Constitution. He cannot.

This lawsuit is also about the terms and conditions of the plaintiff's parole when he seeks to avoid by resorting to the federal Constitution. The *Heck* analysis and mounds of case precedent overrides the plaintiff's claims. The Court HOLDS that the plaintiff has failed and cannot state a justiciable cause of action for alleged Civil Rights violations that arise out of his parole proceeding.

It is Ordered that the plaintiff's cause of action is DISMISSED in its entirety, with prejudice, pursuant to Federal Rules of Procedure, Rule 12(b)(6).

It is so Ordered.

SIGNED on September 8, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge