**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MATTHEW JAMES LEACHMAN,**<br>Plaintiff<br><br>**VS.**<br><br>**TOSIN DAN-ALIU;**<br>**QUANITA EVANS;**<br>**MONICA RUIZ DE VELASCO, Director, TDCJ—Parole Division;**<br>**MARSHA MOBERLEY, Chair, Texas Board of Pardons and Paroles; and**<br>**JANA HULL a/k/a JANA GASTON-HULL d/b/a CENTER FOR P.E.A.C.E.,**<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **4:26-cv-04679** |

**PROPOSED ORDER GRANTING**
**PLAINTIFF'S RULE 59 MOTION**

The Court has considered Plaintiff's Motion to Alter or Amend the September 8 2026 Dismissal under Rule 59(e), the record, and the applicable law. The motion is GRANTED as follows.

1. The dismissal with prejudice in Dkt. 16 is VACATED. The Clerk shall reopen this action. The Court will consider any renewed request for dismissal by claim, defendant, capacity, and remedy on the proper pleading record.

2. The Court withdraws Dkt. 16's statements that a search warrant revealed downloaded child pornography and that Plaintiff's supervision status alone relinquished all constitutional protection relevant to this suit. The FAC pleads mandatory supervision, describes a phone inspection, and alleges non-obscene downloaded material. Dkt. 16 made no evidentiary finding that Plaintiff downloaded child pornography. Neither this correction nor acceptance of the allegations for pleading purposes determines their historical truth or the ultimate merits.

3. The FAC does not admit that Plaintiff took the restaurant photographs or that he failed to inform the children's parents of his sex-offender status. Those asserted admissions shall not be treated as established facts. The present pleading record also does not establish the categorical camera restriction attributed to Plaintiff. Any reliance on a particular condition must identify its operative text and proper basis for consideration.

4. Within 14 days of this order, Joseph Fisk Beckham shall file a response signed by him addressing separately:

a. The attribution in Dkt. 10 at 7 and 14 of an admission that Plaintiff took the restaurant photographs, and the related assertions at 16–17. The response shall identify the exact docket, page, and paragraph containing the asserted admission, or expressly withdraw its attribution to the FAC.

b. The attribution in Dkt. 10 at 14 of an admission that Plaintiff did not inform the children's parents of his sex-offender status. The response shall identify the exact docket, page, and paragraph containing the asserted admission, or expressly withdraw its attribution to the FAC.

c. The asserted camera restriction in Dkt. 10 at 1 and 13, and the related reasoning at 16–18. The response shall identify the operative historical condition, its relevant dates, the instrument applying it to Plaintiff, and the record support for any required equipment-use predicate, or expressly withdraw reliance on that restriction as an established fact at the pleading stage.

5. The response shall identify any newly tendered material and explain its asserted procedural basis for consideration under Rule 12. Plaintiff may reply within seven days of service of the response. No outside material will be treated as establishing a disputed merits fact

without the process required by the Federal Rules. This order makes no finding of subjective bad faith and imposes no monetary or disciplinary sanction.

6. Plaintiff may file a second amended complaint within 21 days of this order to clarify the matters identified in Section IX of his motion. The Court will separately consider the prospective claim under *Olivier v. City of Brandon*, 607 U.S. 552 (2026), including its stated reservation concerning custody, and *Wilkinson v. Dotson*, 544 U.S. 74 (2005). Standing, each official's enforcement connection, and the merits remain for consideration. Hull's alleged conduct and the independent Texas claims will receive separate consideration after notice and an opportunity to address any proposed grounds for dismissal.

7. Because the dismissal is vacated and the action reopened, no final judgment is entered by this order. Any subsequent final disposition requiring a separate document will be set out in accordance with Rule 58.

SIGNED at Houston, Texas, on ____________________, 2026.

______________________________________
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE