**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MATTHEW LEACHMAN,** *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-CV-04679** |
| | § | |
| | § | |
| **TOSIN DAN-ALIU, ET AL,** | § | |
| *Defendant(s).* | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGEMENT**

Tosin Dan-Aliu ("Dan-Aliu"), Quanita Evans ("Evans"), Monica Ruiz de Velasco ("Velasco"), and Marsha Moberley ("Moberley"), (collectively "Defendants"), through the Office of the Attorney General of Texas, files this response to "Plaintiff's Motion to Alter or Amend the September 8, 2026 Dismissal" pursuant to Federal Rule of Civil Procedure 59(e).

## I. Introduction

On September 8, 2026, this Court dismissed Plaintiff's entire action with prejudice under Rule 12(b)(6), holding that Plaintiff cannot maintain a § 1983 suit arising from his parole supervision and the proceedings that resulted in his confinement because *Heck v. Humphrey* bars the claims and Plaintiff lacks standing. ECF No. 16 at 4. This Court also stated that a § 1983 civil suit is the improper vehicle for Plaintiff's claims, Plaintiff failed to state claims upon which relief may be granted, and Plaintiff should have brought a habeas corpus action instead of a civil suit. *Id.* Plaintiff now asks the Court to, *inter alia*, vacate that judgment, reopen the case, direct undersigned counsel to identify or withdraw factual assertions, and grant leave to file a second amended complaint. ECF No. 17 at 21–22.

Plaintiff's Motion misapprehends the purpose and scope of Rule 59(e). Rule 59(e) motions are an extraordinary remedy confined to correcting manifest errors of law or fact or

receiving newly discovered evidence; it is not a vehicle to relitigate the motion to dismiss or to present arguments that were available before judgment. Plaintiff has not presented new evidence or identified manifest errors of law or fact as required by rule 59 (e). Rather, Plaintiff's motion consists of an attempt to rehash legal theories and arguments that should have been set out in his previous response to Defendant's Motion to Dismiss, along with a proposed order requesting that undersigned counsel draft a document addressing each one Plaintiff's factual contentions. *See Generally* ECF No. 17.

**II. Argument**

To the extent that Plaintiff alleges manifest errors of fact, the alleged inaccuracies Plaintiff cites have no significant or material influence on the Court's ruling. The Court was correct in their ruling that Plaintiff's claims are barred by *Heck*, Plaintiff lacks standing, and has failed to state a claim upon which relief may be granted. ECF No. 16 at 3– 4. Furthermore, Plaintiff has failed to establish that Defendants are not entitled to qualified immunity, sovereign immunity, or absolute immunity in their respective capacities. This Court correctly applied *Heck*, whose favorable-termination rule the Fifth Circuit has long extended to parole and mandatory-supervision proceedings. *Id.*

In his motion, Plaintiff cites *Olivier v. City of Brandon*, which amounts to an attempt to rehash legal theories and arguments in this case. The Fifth circuit has expressly stated that a rule 59(e) motion is not the proper vehicle for rehashing legal theories or arguments that could have been offered or raised before the entry of the Court's Judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Plaintiff had the opportunity to cite *Olivier* opinion, published in March 2026, in his response to Defendant's Motion to Dismiss but failed to do so. *See* ECF No. 14. A rule 59 (e) motion is not an opportunity to rehash arguments after the case has been dismissed. Furthermore, a rule 59 (e) motion is not the proper vehicle for the

Plaintiff to request undersigned counsel to do anything in an attempt to re-litigate what the has already been decided by the Court.

**III. Prayer**

Defendant's respectfully requests that the Court deny this Motion and leave its Judgement undisturbed, and grant Defendant's any other relief the court deems proper.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**BRIANA WEBB**
Division Chief
Law Enforcement Defense Division

*/s/ J. Fisk Beckham*
**J. Fisk Beckham**
Assistant Attorney General I
Texas State Bar No. 24150112
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
fisk.beckham@oag.texas.gov
(512) 463-2080 (Phone No.)
(512) 370-9814 (Fax No.)

**COUNSEL FOR DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**CERTIFICATE OF SERVICE**

I, J. Fisk Beckham, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above **Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment,** has been served by placing same in the United States Mail, Return Receipt Requested within one business day of October 26, 2026 addressed to:

Matthew James Leachman
2505 Reid St. Apt. A
Houston, TX 77026
Leachman.defense@gmail.com
*Plaintiff Pro Se*

CMRRR: 7021 2720 0002 0446 2363